UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM BAHLBURG,<br>              Plaintiff,<br>v.<br>NW EXPLORATIONS LLC et al.,<br>              Defendants. | CASE NO. C23-0652-KKE<br><br>ORDER DENYING MOTION TO ADD PARTY AND DENYING MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff William Bahlburg's motion to add a new party (Dkt. No. 15) and motion to amend the complaint (Dkt. No. 21). The Court, having considered the briefing and record, denies both motions.

I. BACKGROUND

This case arises from repair work done in 2021 and 2022 on a vessel named Porosity, owned by Bahlburg.

In June 2021, Bahlburg met Ross Tennant and learned about NW Explorations, LLC, a company that performs maintenance and repair work on yachts. Dkt. No. 17 ¶ 2. Bahlburg followed up with Tennant about performing some repair work on Porosity (Dkt. No. 17-1 at 2–6) and eventually delivered Porosity to NW Explorations, LLC's facility in Bellingham on October 10, 2021 (Dkt. No. 1 ¶ 7). The work began and, around December 2021, Bahlburg was informed by a technician at NW Explorations, LLC that Porosity needed to be moved to a facility in Canoe

Cove, Canada for additional repairs. *Id.* ¶ 8; Dkt. No. 17-2 at 1. Porosity was moved to Canoe Cove that same month. Dkt. No. 1 ¶ 10. On May 8, 2022, Porosity was moved to Bahlburg's boatshed in Genoa Bay, Canada. *Id*. That month, Bahlburg visited Porosity at his boatshed. *Id.* ¶ 13. After Bahlburg expressed his dissatisfaction with various aspects of the work done on Porosity, he ordered NW Explorations, LLC to stop work. *Id.* ¶ 15. Bahlburg ultimately paid for the work "under protest." *Id.* ¶¶ 25, 28.

Bahlburg filed this lawsuit on May 4, 2023, naming NW Explorations, LLC, and John Nassichuk[1] as defendants. Dkt. No. 1. Bahlburg's complaint includes causes of action for breach of marine contract and violations of the Washington Consumer Protection Act ("CPA"). *Id.* In June 2023, NW Explorations, LLC filed its answer which included affirmative defenses based on lack of proper venue, lack of subject matter jurisdiction, and failures to state a claim and join a necessary party because "this claim involves work performed entirely in British Columbia, Canada by a Canadian company and not Defendant." Dkt. No. 10 at 7–8.

On July 19, 2023, counsel for Bahlburg emailed NW Explorations, LLC's counsel regarding its "position that [Bahlburg] has sued the wrong party." Dkt. No. 23-4.[2]

NW Explorations, LLC's timely August 11, 2023, initial disclosures identified Tennant as "an owner of NW Explorations, LLC and Northwest [sic] Explorations, Ltd." (Dkt. No. 23-5 at 2) and lists the entity "Northwest [sic] Explorations, Ltd."[3] throughout. Dkt. No. 23-5.

Bahlburg's untimely October 9, 2023, initial disclosures list Tennant as an "individual likely to have discoverable information" (Dkt. No. 23-6 at 1–2) and note the existence of a

---

[1] As of the date of this order, no proof of service for John Nassichuk has been provided to the Court.
[2] A response to this email was not provided to the Court.
[3] NW Explorations, LLC acknowledges this was a typo and the correct entity is North West Explorations, Ltd. Dkt. No. 22 at 4.

ORDER DENYING MOTION TO ADD PARTY AND DENYING MOTION TO AMEND COMPLAINT - 2

"Canadian corporation" throughout the descriptions of relevant information that other individuals may possess (*id.* at 2–7).

On December 4, 2023, counsel for Bahlburg emailed counsel for NW Explorations, LLC asking about the "mysterious entity" and explaining that he could not locate "NW Explorations CA" or "Northwest Exploration Parts" in any corporate registries. Dkt. No. 16-1 at 5–7. Two days later, counsel for NW Explorations, LLC responded, "Defendant's initial disclosures included the Canadian entity (North West Explorations Ltd.)." *Id.* at 4.

On January 13, 2024, Bahlburg moved to add Tennant as a defendant under Federal Rule of Civil Procedure 21. Dkt. No. 15. Five days later, Bahlburg moved to amend the complaint. Dkt. No. 21. NW Explorations, LLC timely filed responses to both motions. Dkt. Nos. 22, 24. Bahlburg did not file any replies.

## II.   ANALYSIS

This Court has subject matter jurisdiction over this suit under 28 U.S.C. § 1333 because Bahlburg brings a claim for breach of a marine contract arising from repairs to a vessel. *See S/Y Paliador, LLC v. Platypus Marine, Inc.*, 344 F.R.D. 110, 115 (W.D. Wash. 2023) ("The Court has admiralty jurisdiction over this case pursuant to 28 U.S.C. § 1333 because this action arises out of allegedly defective repairs to the vessel under a maritime contract."). The Court has supplemental jurisdiction over Bahlburg's state CPA claim because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

A.   **Legal Standard**

Both of Bahlburg's motions were filed after the September 29, 2023, deadline to amend

the pleadings and identify third parties provided in this Court's scheduling order.[4] Accordingly, Bahlburg must demonstrate "good cause" to amend the scheduling order under Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). The "good cause" analysis turns on whether the movant acted diligently. *Id.* at 609. Only after a movant establishes good cause will the Court analyze whether the motions are proper under Federal Rule of Civil Procedure 15 for amending the complaint (*id.* at 607) or Federal Rule of Civil Procedure 21 for adding a party (*DRK Photo v. McGraw-Hill Cos. Inc.*, No. CV-12-08093-PCT-PGR, 2014 WL 12651055, at *4 (D. Ariz. Oct. 20, 2014), *aff'd sub nom. DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978 (9th Cir. 2017)).

**B.      Bahlburg's Motion to Add Ross Tennant as a Defendant Is Denied.**

Bahlburg has not acted diligently in adding Tennant as a defendant. Bahlburg has known about Tennant since the beginning of his experience with NW Explorations, LLC. Dkt. No. 17 ¶ 2; Dkt. No. 17-1 at 2–6. Tennant is listed publicly as the sole governor of NW Explorations, LLC (Dkt. No. 16-3) and identified as such in Bahlburg's own initial disclosures (Dkt. No. 23-6 at 2). NW Explorations, LLC's initial disclosures likewise identify Tennant as an owner of both NW Explorations, LLC and Northwest [sic] Explorations, Ltd. Dkt. No. 23-5 at 2.

Bahlburg's sole argument for why he did not name Tennant as a defendant in his original filing is his allegedly new understanding that Tennant is necessary to add as the agent of the "undisclosed Canadian principal," North West Explorations, Ltd. *See* Dkt. No. 15 at 12. Bahlburg's argument fails for at least two reasons.

First, if Bahlburg had been diligent, he would have discovered the existence of North West

---

[4] On August 22, 2023, NW Explorations, LLC filed a status report on its own "after multiple attempts to reach plaintiff to finalize the required Joint Status Report" went unanswered. Dkt. No. 11 at 1. The Court entered a case scheduling order which included a deadline of September 29, 2023, for amendments to pleadings and third-party actions. Dkt. No. 12. If Bahlburg had participated in the joint status report process, as ordered by the Court (Dkt. No. 8), he could have requested a longer period in which to add parties or amend the pleadings.

ORDER DENYING MOTION TO ADD PARTY AND DENYING MOTION TO AMEND COMPLAINT - 4

Explorations, Ltd. by the September 29, 2023 deadline to add parties. Bahlburg complains that he could not have known about the "well hidden" North West Explorations, Ltd. until the December 6, 2023 email from Defendant's counsel. Dkt. No. 15 at 9. While the typo in NW Explorations, LLC's initial disclosures misidentifying the Canadian corporation as Northwest Explorations, Ltd. (instead of the correct North West Explorations, Ltd.) is unfortunate, a mere email to opposing counsel or entity search of the incorrect name would have led Bahlburg to the correct entity in August 2023. *See* Dkt. No. 23-7. Even a review of Bahlburg's own emails with Tennant would have revealed the accurate name, as Bahlburg apparently paid North West Explorations, Ltd. $50,000 CAD in July **2022**. Dkt. No. 23-2 at 2 (email thread in which Tennant instructs Bahlburg to make payment to North West Explorations, Ltd).

Second, even if Bahlburg could not have determined the precise name of the Canadian corporation until December 2023, he did not need the actual name of the corporation to understand the "undisclosed principal" argument which is the sole basis for his belated motion to add Tennant as a party. It is undisputed that Bahlburg knew of NW Explorations, LLC's position that *some* Canadian entity was the correct party in July 2023, months before the late September deadline to add a party. Dkt. Nos. 23-4 (emails about "wrong party defense"), 10 (answer), 23-5 (NW Explorations, LLC's initial disclosures), 23-6 (Bahlburg's initial disclosures). Bahlburg could have followed up on any of these leads or served discovery to learn more about the entities and Tennant's role in them.

In sum, Bahlburg was not diligent and cannot amend the case schedule to add a new party. The Court's inquiry stops there. *Johnson*, 975 F.2d at 609.

**C.    Bahlburg's Motion to Amend the Complaint Is Denied.**

Bahlburg seeks to make the following amendments to his complaint: (1) to add Tennant as a defendant; (2) to add an allegation "that North West Explorations, Ltd. is an undisclosed

ORDER DENYING MOTION TO ADD PARTY AND DENYING MOTION TO AMEND COMPLAINT - 5

principal, and that Tennant and Nassichuk were its agents"; (3) to add more personal jurisdiction allegations, including citations to the federal long arm statute; (4) to add a cause of action for breach of the warranty of workmanlike performance; and (5) to shorten the facts. Dkt. No. 21 at 3–4.

To begin with, Bahlburg has ignored Local Rule 15 by failing to attach a copy of the proposed amended complaint with the changes shown. Local Rules W.D. Wash. LCR 15 ("The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added."). While this requirement serves a substantive purpose and is not a mere technicality, the Court will not deny the motion to amend on this ground alone.

Rather, as with his motion to add a party, the Court denies Bahlburg's motion to amend because he fails to show good cause to modify the case schedule. *See* Fed. R. Civ. P. 16(b)(4). As detailed above, Bahlburg was not diligent and there is not good cause to allow him to add Tennant as a party or to add allegations about his undisclosed principal theory. For Bahlburg's remaining proposed changes, Bahlburg does not explain why these amendments could not have been accomplished by the September 29, 2023 amendment deadline.

Bahlburg's motion to amend the complaint is denied.

### III. CONCLUSION

For the above stated reasons, the Court DENIES Bahlburg's motion to add a party (Dkt. No. 15) and DENIES Bahlburg's motion to amend the complaint (Dkt. No. 21).

Dated this 19th day of March, 2024.

Kymberly K. Evanson
United States District Judge